[No. 9382. Department Two. June 28, 1911.]

S. M. LOCKERBY, *as Administrator etc., Appellant,* v. W. R. AMON *et al., Respondents.*[1]

VENDOR AND PURCHASER—CONTRACT—RESTRICTIONS AGAINST ASSIGNMENT—VALIDITY. A provision in a contract for the sale of real estate that the contract shall not be assigned without the consent of the vendors contravenes no rule of public policy and is enforceable; and other clauses in the contract referring to "assignees" will be taken to mean assignees consented to by the vendors.

Appeal from a judgment of the superior court for Benton county, Yakey, J., entered October 6, 1910, upon granting a nonsuit, dismissing an action for specific performance. Affirmed.

*Anderson & Marshall, C. L. Holcomb,* and *Edward H. Wright,* for appellant.

*Humphrey & Cole, Moulton & Henderson,* and *Henry J. Snively,* for respondents.

CHADWICK, J.—Defendants entered into a written contract with one F. A. Swingle, whereby they agreed to sell Swingle certain real property in consideration of the sum of $1,600. One dollar was paid down, and the remainder was to be paid on or before two years after the date of the con-

. [1]Reported in 116 Pac. 463.

tract, with interest at the rate of eight per cent per annum. The contract provided that:

"The said parties of the first part will sell to the said party of the second part, his heirs and assigns, . . . In case said party of the second part, his legal representatives or assigns shall pay the several sums of money aforesaid punctually at the several times above specified, and shall strictly and literally perform all and singular the agreements and stipulations aforesaid, according to the true intent and tenor thereof, then the said parties of the first part shall make to the said second party, his heirs or assigns, upon request and upon the surrender of this agreement, a warranty deed to said premises."

It was further provided: "And it is further agreed that no assignment of this agreement shall be valid without the consent and signature of W. R. Amon and Sarah M. Amon, his wife, the parties of the first part." The contract was afterwards assigned by Swingle and wife to Herbert E. Johnson, plaintiff's intestate, who tendered the full amount due under the contract, and demanded a deed. This being refused, he brought this action to compel specific performance. At the conclusion of plaintiff's case, a judgment of dismissal was entered, upon the ground that the contract was not assignable.

It is not denied that stipulations of the character relied on in this case are lawful and binding upon the parties. *Hunter Tract Imp. Co. v. Stone*, 58 Wash. 661, 109 Pac. 112. However, an engaging argument is made by appellant upon the theory that, although the parties had a right to so contract, the restrictive clause has performed its office; that is, it being designed only to insure payment of the purchase price, and that being tendered, there can be no reason for withholding the deed; and generally that, inasmuch as Swingle might have tendered and received a deed, and thereafter immediately conveyed to Johnson, equity—inasmuch as it regards substance rather than form—will compel the execution of a deed to the assignee. These arguments are not new, and find some sup-

port in the authorities; but they have been rejected by a majority of the courts. The privilege of selecting a grantee is an incident of ownership, and we cannot presume, as did the supreme court of Minnesota, that "at most this stipulation against an assignment is merely collateral to the main purpose of the contract, designed as a means of securing and enforcing payment of what was undertaken by the vendor, to wit, the prompt payment of the purchase money. When the vendor has received all his purchase money, he has received all that he is entitled to, and all that the provision against the assignment was intended to secure." *Johnson v. Eklund*, 72 Minn. 195, 75 N. W. 14.

While this reasoning is entitled to consideration, we cannot accept it as the end of the law. A vendor may have confidence that his vendee will not use the property to his disadvantage. It is his privilege to decline to deal with strangers. Or he may, by limiting the right of assignment, save any question as to the interest of intervening third parties, a result not altogether unlikely under our community property system. Or he may be unwilling to assume to pass upon the legal sufficiency of an assignment. The better rule is stated in *Omaha v. Standard Oil Co.*, 55 Neb. 337, 75 N. W. 859, wherein it is said:

"It compelled the city to deal with strangers and to determine at its peril which of the contesting claimants was entitled to the fund. This may have been one of the very contingencies contemplated by the city, and against which it sought to provide by making the contract nonassignable. Another object in view might have been to prevent the company from losing interest in the performance of the contract by devesting itself of all beneficial interests therein. But it is needless for us to speculate on the motives for the city's action. It is enough for us to know—whatever its reasons may have been—that it has, in plain language, stipulated, against the assignment of the contract. That stipulation is valid and must be enforced."

See, also, Monographic Notes, 88 Am. St. 201 (*Mueller v. Northwestern University*, 195 Ill. 236, 63 N. E. 110); 4 Cyc.

20.   And, although it is rightly contended that the case of *Bonds-Foster Lumber Co. v. Northern Pac. R. Co.,* 53 Wash. 302, 101 Pac. 877, turned upon a statute, we were influenced in our construction of the statute by reference to the general rule that:

"One who accepts an assignment of a contract which by express terms is made nonassignable, acquires only a cause of action against the assignor."

See, also, *Behrens v. Cloudy,* 50 Wash. 400, 97 Pac. 450.

Whatever may have been the reasons for reserving the right to decline to deal with an assignee, such reservation contravenes no rule of public policy, and is enforceable.   We attach no importance to the clauses of the contract in which the word "assignee" is used.   They will be construed in the light of the whole contract, and when so regarded, must be taken to mean such assignees as the vendor is willing to accept.

Judgment affirmed.

DUNBAR, C. J., ELLIS, CROW, and MORRIS, JJ., concur.