WELLES et al. v. PORTUGUESE-AMERICAN BANK OF SAN
FRANCISCO.

(Circuit Court of Appeals, Ninth Circuit. July 6, 1914.)

No. 2273.

MUNICIPAL CORPORATIONS (§ 352*)—PUBLIC IMPROVEMENTS—CONTRACT—
BREACH—REMEDY.

Where a contract for the construction of a municipal sewer provided
that a failure on the contractor's part to comply with any of the condi-
tions should be deemed a breach of the contract, and authorized the
city's board of public works to declare the contract terminated whether
any alternative right was provided or not, declaring how the contract
might be terminated, and that on such termination the contractor should
forfeit the sums due him under the contract and he and his sureties
should be liable for all damages caused to the city by reason of his fail-
ure to perform such provisions, did not make a termination of the con-
tract the city's exclusive remedy for the contractor's breach, nor did it
affect a further provision that the contractor without the consent of the
board of public works should not be entitled, either legally or equitably,
to assign any of the moneys payable under the contract or his claim
thereto.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
883; Dec. Dig. § 352.*]

On petition for rehearing. Denied.

For former opinion, see 211 Fed. 561.

GILBERT, Circuit Judge. In aid of its petition for a rehearing
the appellee was permitted to bring before this court certain portions
of the record in the court below which were not contained in the tran-
script on the appeal, the same being certain provisions of the specifica-
tions which were referred to and made a part of the contract which
was involved. The appellants, answering the petition, object to the
consideration of the new matter so brought before us, on the ground
that the same was not read to nor brought to the attention of the court
below. It is unnecessary to discuss that objection, for in our opinion
the new matter so presented is not of such a nature as to affect the de-
cision of the case on the appeal. The provisions of the specification
so added to the record are as follows:

"All conditions of this contract are considered material and failure to com-
ply with any of said conditions on the part of contractor shall be deemed a
breach of the contract. Should the contractor neglect or fail to perform any
of the conditions of the contract, the board of public works shall have the
right, whether any alternative right is provided or not, to declare the con-
tract terminated."

Then follow provisions as to the manner in which the contract may
be terminated, and the provision that upon such termination the con-
tractor shall forfeit all sums due him under the contract, and that both
he and his surety shall be liable upon his bond for all damages caused
to the city by reason of his failure to complete the contract. These pro-
visions, in brief, give to the board of public works the option to ter-
minate the contract upon the failure or neglect of the contractor to
perform any of the conditions thereof. It is not declared that the

right to terminate the contract is the only remedy against the contractor for breach thereof, or of any of its provisions. On the contrary, it is declared that the board of public works shall have that right, "whether any alternative right is provided or not." The provision that without the consent of the board of public works the contractor "shall not either legally or equitably assign any of the moneys payable under this contract, or his claim thereto," is in no way affected by the provisions of the specifications above quoted. By no principle of reasoning can it be concluded that the provision for the termination of the contract upon breach of condition is tantamount to assent by the board to the transfer of any of the moneys payable under the contract, or the contractor's claim thereto, nor would the act of terminating the contract, if resorted to, be an adequate remedy, or any remedy, for such a breach, and indeed the board of public works might have no means of knowing that an assignment had been made. That breach of the contract is unlike all other possible breaches thereof, in that the latter are open and visible upon an inspection of the work. The maxim, "Expressio unius est exclusio alterius," invoked by the appellee, is not applicable. The question is not one of the construction of a statute, but it is what was the intention of the parties as expressed in a contract. We find neither authority nor reason for applying the maxim to the provisions of a contract relating to the remedies to be pursued for default therein. The reverse has been held in a well-considered opinion in Straus v. Yeager, 48 Ind. App. 448, 93 N. E. 881.

The petition for a rehearing is denied.