STATE OF INDIANA, EX REL. BECKMAN SUPPLY COMPANY *v.* AUBRY ET AL.

[No. 9,991. Filed June 19, 1919. Rehearing denied October 29, 1919. Transfer denied January 28, 1920.]

1. MUNICIPAL CORPORATIONS.—*Public Improvements.—Contracts for Sidewalk Construction.—Negotiability.*—A contract with a city for the construction of a sidewalk is not a negotiable instrument. p. 353.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.—Contracts for Sidewalk Construction.—Clause Regulating Assignment.—Validity.*—A provision in a sidewalk construction contract with a city, requiring the consent of the city to an assignment of the contract, is valid and enforceable. p. 353.

3. MUNICIPAL CORPORATIONS.—*Public Improvements.—Sidewalk Construction Contract.—Assignment.—Sale by Assignee Without Performance of Construction.—Rights of Purchaser.*—Where a sidewalk construction contract has been assigned by the contractor, in violation of a provision of the contract requiring the city's consent to any assignment, and such assignee has, without performing the stipulated work in every detail and to the satis-

faction and acceptance of the city, assigned its interest in the proceeds of the contract to another, its action in attempting such assignment conferred no interest in special assessments levied for the purposes of said contract. p. 355.

4. MUNICIPAL CORPORATIONS. — *Public Improvements.* — *Sidewalk Construction Contract.—Invalid Assignment.—Rights of Contractor.—Estoppel.*—Where the contractor for sidewalk construction has made an invalid assignment of the contract, contrary to an express provision thereof requiring the city's consent, and the assignee, in violation of the contract of assignment, has failed and neglected to do any work or furnish any material in the construction or completion of the improvement, and is insolvent, and upon demand by the contractor still fails to do the work, the contractor is bound to complete the work and, if he does so, he is not estopped to claim the moneys raised by special assessments to pay for such improvement. p. 356.

5. MUNICIPAL CORPORATIONS. — *Public Improvements.* — *Sidewalk Construction Contract.—Invalid Assignment.—Ineffectual Reassignment.—Knowledge Chargeable to Last Taker.*—One who accepts an assignment of the proceeds of a sidewalk construction contract, assigned to his assignor by the contractor, in violation. of a provision of the contract, requiring the consent of the city to any assignment, was bound to know that his assignor could have no control of the subject-matter of the contract without the written consent of the city, that the contract had not been performed, that there could be no proceeds without previous performance and acceptance of the work, and that the contractor could make any defense against him, available to the contractor against his assignee. p. 356.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by the State of Indiana on the relation of the Beckman Supply Company, against Edward Aubry as city controller of the city of Hammond, and another. From the judgment rendered, the relator appeals. *Affirmed.*

*W. J. Whinery,* for appellant.

*T. C. Klotz, L. V. Cravens* and *John A. Gavit,* for appellees.

Appellant instituted this action against Edward

Aubry as city controller of the city of Hammond to compel the latter, by writ of mandate, to issue a warrant on the treasurer of said city in appellant's favor for $972.50, alleged to be due from said city under a contract for the construction of a cement sidewalk.

On his application, Henry Roennau was made a party defendant. He filed an answer in denial and also a cross-complaint against appellant and the city controller. Thereupon the city controller filed a pleading in which he admitted that he held the fund derived from the special assessments levied and collected for the payment of the cost of the sidewalk, and stated the conflicting claims to said fund. He asked permission to pay the amount into court for the party entitled to receive it, and prayed that he be discharged from further liability. Appellant answered the cross-complaint by general denial and by a plea of estoppel *in pais*. The issues were closed by a reply in denial to the second paragraph of the answer to the cross-complaint.

The substance of so much of the special finding of facts as is necessary to our decision is as follows:

On May 21, 1912, the city of Hammond duly entered into a contract with appellee Roennau for the construction of a sidewalk on Lake avenue in said city; that said Roennau gave bond, with one Emil Pickart as surety, for the faithful performance of his contract and the completion of the work in accordance with the plans, profile and specifications duly adopted therefor. On August 19, 1912, said Roennau, for a consideration, assigned all his right, title and interest in said contract to the Calumet Concrete Construction Company, which assignment is in writing.

That said assignment of said contract made by said Henry Roennau .to said Calumet Concrete Construction Company, as hereinbefore found, was made for the purpose of having said Calumet Concrete Construction Company do and perform all of the things thereunder which were to have been performed by the said Roennau, and said Calumet Concrete Construction Company undertook to carry out said contract for the making and laying of said sidewalk in accordance with the contract of said Roennau and said city of Hammond, the consideration for said assignment being that said Calumet Concrete Construction Company should receive from the city of Hammond the contract price for said work, and the said Calumet Concrete Construction Company promised at the time of the assignment of said contract to do and perform the same, and the said Henry Roennau believed at the time of the assignment of said contract that said company would do and perform the same, and fully relied thereon and expected that said Calumet Concrete Construction Company would complete said contract. On December 17, 1912, said Calumet Concrete Construction Company, by writing on said contract, for value received, sold, assigned and transferred to the Beckman Supply Company all its right, title and interest in and to all special assessments levied by said city on account of the improvement to be made under said contract, and directed the city controller and the city treasurer of said city to pay any and all sums then due or to become due in the future on said contract to said Beckman Supply Company. Notice of said assignments was duly given to the city of Hammond by filing a copy thereof with the city controller.

That all of the filling necessary for the construc-

tion of said sidewalks, with the exception of about 400 cubic yards of said filling, was done in the year 1912, by the said Roennau, prior to his leaving the State of Indiana for Germany, and prior to the assignment of said contract by him to said Calumet Concrete Construction Company. That the reasonable value of the filling so done in the year 1912 was $360. That at the time plaintiff received and accepted said assignment of the proceeds of said contract from said Calumet Construction Company, plaintiff had examined said work and knew that so much of the work as above found had been done, and was informed by the secretary and treasurer of said construction company at said time that said company intended to and would complete said work under said contract as soon as the weather would permit. But the said Calumet Concrete Construction Company failed and neglected to do any work or furnish any material in the construction or completion of said improvement.

After assigning said contract, Roennau left the State of Indiana and did not return until the latter part of the year 1913, when he learned that the work covered by said contract had not been completed and that the Calumet Concrete Construction Company was insolvent. In 1914 the board of public works of said city notified Emil Pickart, surety on the bond of Roennau, that said work had not been completed, and that, if the work were not promptly completed, suit would be instituted upon the bond executed by him. Pickart thereupon notified Roennau of the facts aforesaid, and thereupon Roennau demanded of the Calumet Concrete Construction Company that it complete said work; but it wholly failed so to do. Roennau then learned of the aforesaid assignment to appellant.

That on said 17th day of December, 1912, at the time said Calumet Concrete Construction Company assigned the proceeds of said contract to the plaintiff herein, said construction company was then and there indebted to the plaintiff in the sum of $2,400.71. That said assignment was made to secure said indebtedness, and to apply upon said indebtedness as part payment thereof when the proceeds of said contract should be collected by plaintiff. Also, in further consideration of said assignment being made and delivered to it, plaintiff, at the request of said construction company, released a claim which it then had upon money due the construction company from one George P. Pearson, amounting to approximately $350, which sum of money said Pearson after release by plaintiff paid to said construction company, and plaintiff accepted the assignment of the proceeds of said contract, relying upon the collection of the proceeds that would arise from said contract for the construction of said sidewalks for the payment of the indebtedness hereinabove found, to the extent of such proceeds. That, before the assignment of the proceeds of said contract by said construction company to plaintiff was made, said Henry Roennau had assigned in writing, indorsed upon said contract, as hereinbefore found, all his right, title, claim and interest in and to the same, and plaintiff relied upon said assignment so made by said Roennau, and took said assignment from said construction company of the proceeds of said contract, relying upon and believing that said Roennau had theretofore assigned all his right, title and interest in and to said contract to said construction company. The plaintiff was induced to accept said assignment of the proceeds of said contract as security for the indebtedness of said

construction company to the plaintiff, and for the other purposes hereinbefore found, by reason of the indorsement of the assignment made by said Roennau upon said contract, which assignment plaintiff then and there believed to be a valid assignment of said contract to said construction company, by said Roennau, and plaintiff, having no knowledge or notice to the contrary, relied thereon. That no part of said indebtedness of said construction company to plaintiff has ever been paid, and the same remains due and unpaid, and plaintiff has no security therefor, except the assignment of the proceeds of the contract aforesaid.

Before the bringing of this action the contract had been fully completed by Roennau and accepted by the board of public works of the city of Hammond; the assessments for the payment of the cost of the work had been duly levied; and said assessments had been fully paid by the owners of the property so assessed to the treasurer of said city, the amount thereof being $972.50. The relator requested the controller of said city to issue a warrant for said amount, which request was refused. The improvement contract is embodied in the finding, and, among the conditions therein contained, the following are important here:

"And the party of the first part hereby agrees and covenants to keep said sidewalk in good condition and repair for and during a period of five years from and after the date of the completion of said work.

"It is further agreed and understood that there shall be no assignment of this contract, without the written consent of the party of the second part."

The conclusions of law, in substance, are as follows:

(1) That the law and equities of this case are with defendant Henry Roennau. (2) That the relator should recover nothing from the city controller of the city of Hammond, Indiana, by reason of the assignment of the proceeds of said contract to it. (3) The city controller, having no interest in the funds in the controversy and having deposited them with the clerk of the court, should be discharged without costs. (4) That Henry Roennau should recover from the city of Hammond said sum of $972.50 so paid to the clerk by the city controller; and the clerk should be directed to pay to said Henry Roennau said amount. (5) That the Beckman Supply Company should pay the costs of this action.

Judgment was rendered in accordance with the conclusions of law.

DAUSMAN, J.—The transaction between Roennau and the Calumet Concrete Construction Company, hereinafter called the construction company, was an attempt by him to assign to said company the contract itself. We must first consider what resulted from that attempt; for if it was not in his power to assign the contract, then the construction company acquired thereby no interest whatsoever in the contract, and therefore had no interest in the assessments which it could transfer to the relator.

The contract is not a negotiable instrument; and there are good and sufficient reasons why a contract of this character should not be assignable. A contract for the improvement of a street by paving or by constructing sidewalks is the creature of the statutes relating to that subject, which

statutes enter into and control the contract. As evidenced by those statutes, the legislature did not contemplate that the person to whom the municipality has awarded the contract, commonly called "the contractor," may impede or embarrass the municipality or vex its officers by putting the contract on the market to be sold or bartered as a commodity. The contractor is required to give a bond for the faithful performance of the contract, and this bond is personal. The obligation of the contractor to maintain the work in good condition for a period of years after its completion is an important feature. The owners of the real estate assessable for the payment of the cost of the improvement must be protected; and as to them a special duty rests upon the officers of the municipality. Even if the municipality should consent to an assignment of the contract, such assignment would tend to disturb and unsettle the reciprocal rights, duties and liabilities of the several parties and to engender disputes and litigation. These considerations serve merely to suggest some of the evils which would result if the contractor were permitted to "sell, transfer, and assign all his right, title, and interest" in the contract. But we need not pursue this feature; for it is stipulated in the instrument that Roennau should not assign the contract without the city's consent thereto in writing. This stipulation is valid; and it is the duty of the courts to enforce it. The attempt to violate that stipulation conferred no right whatsoever on the construction company.

As said by the Supreme Court of Nebraska, to hold the contract assignable without the consent of the city would compel "the city to deal with strangers and to determine at its peril which of the contesting claimants was entitled to the fund. This may have

been one of the very contingencies contemplated by the city and against which it sought to provide by making the contract nonassignable. Another object in view might have been to prevent the company from losing interest in the performance of the contract by divesting itself of all beneficial interests therein. But it is needless for us to speculate on the motives for the city's action. It is enough for us to know—whatever its reasons may have been—that it has, in plain language, stipulated against an assignment of the contract. That stipulation is valid and must be enforced.'' *City of Omaha* v. *Standard Oil Co.* (1898, 55 Neb. 337, 75 N. W. 859.

It will be observed that the construction company did not attempt to assign the contract to the relator, but attempted to assign to the relator only its

3. right, title and interest in and to all special assessments levied by said city on account of the improvement to be made under the contract. If the construction company had actually performed the contract in every detail to the full satisfaction of the city and the city had accepted the work, then we would have a different situation with which to deal. But under the facts of this case the construction company had absolutely no interest in said assessments, and its action in attempting an assignment thereof conferred no interest therein upon the relator. *Deffenbaugh* v. *Foster* (1872), 40 Ind. 382; *Mueller* v. *Northwestern University* (1902), 195 Ill. 236, 63 N. E. 110, 88 Am. St. 194; *DeVita* v. *Loprete* (1910), 77 N. J. Eq. 533, 77 Atl. 536, Ann. Cas. 1912A 362; *Lockerby* v. *Amon* (1911), 64 Wash. 24, 116 Pac. 463, 35 L. R. A. (N. S.) 1064, 2 R. C. L. 598 *et seq.*; 5 C. J. 866; 4 Cyc 20; 20 Am. and Eng. Ency. Law 1156. See, also, *Sims* v. *Hines* (1890), 121 Ind. 534, 23 N. E. 515; *Welles* v.

*Portuguese, etc., Bank* (1914), 211 Fed. 561, 128 C. C. A. 161; id. 215 Fed. 81, 131 C. C. A. 389; *Portuguese, etc., Bank* v. *Welles* (1916), 242 U. S. 7, 37 Sup. Ct. 3, 61 L. Ed. 116.

The conclusion we have reached makes it unnecessary to consider the questions of procedure which have been presented by the appellees.

Judgment affirmed.

### On Petition for Rehearing.

Dausman, J.—Counsel for the relator insists that this court erred in deciding, by implication, that Roennau was not estopped from asserting his claim to the fund involved. Before rendering our decision we had carefully examined the authorities cited by counsel on this point. *Kiefer* v. *Klinsick* (1896), 144 Ind. 46, 42 N. E. 447; *Cleveland, etc., R. Co.* v. *Moore* (1908), 170 Ind. 328, 82 N. E. 52, 84 N. E. 540; *Moore* v. *Metropolitan Nat. Bank* (1873), 55 N. Y. 41, 14 Am. Rep. 173; *Fortunato* v. *Patten* (1895), 147 N. Y. 277, 41 N. E. 572; 2 R. C. L. 631. We have examined them again, and we are confirmed in our opinion that they do not sustain counsel's contention.

When the relator took from the Calumet Construction Company an assignment of the "proceeds" of the improvement contract, he was bound to know that the Calumet Construction Company could have no control of the subject-matter of the contract without the consent of the city of Hammond expressed in writing; that the contract had not been performed; that before there could be any proceeds for anyone the contract must be performed and the work accepted by the city; and that Roennau could make any defense against the relator that he

could make against the Calumet Construction Company. We fail to discover anything in the facts which would justify us in holding that Roennau is estopped from claiming the fund.

Petition for rehearing is denied.

McMahan J. not participating.