CARLO ORSILLO, P. P. A., *vs.* NICHOLAS RUSSO.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 13th—decided November 4th, 1931.

*Edward Mascolo,* for the appellant (plaintiff).

*Nathaniel R. Bronson,* for the appellee (defendant).

BANKS, J. Congress Avenue in Waterbury is a paved street running east and west, thirty-eight feet in width, with a single trolley track approximately in the center of the street. The plaintiff was upon the sidewalk on the south side of the street when he saw a boy whom he knew on the other side of the street, and started to cross the street to meet him. A trolley car was approaching from the west, and the plaintiff waited in the gutter for it to pass and as it passed went out into the street and was struck, just after he had crossed the trolley tracks, by the defendant's automobile which was approaching from the east. The trial court set aside the plaintiff's verdict on the ground that, upon his own evidence, it clearly appeared that his injury was the direct result of his own gross negligence, that the jury could not reasonably have found otherwise, and that they were obviously moved by sympathy for the plaintiff in reaching a verdict in his favor.

The plaintiff testified that, as he stood on the sidewalk, he had looked to the east and saw nothing coming, that the trolley car was then approaching from the west, that he waited in the gutter for it to pass, that it then obstructed his view but he started across, and the next thing he remembered he was hit. Both upon direct and cross-examination he repeatedly testified that after the trolley car passed he couldn't see anything approaching from the east because the car was in the way and obstructed his view, and yet he kept on across the street and was struck. The boy across the street, one of the plaintiff's witnesses, testified that he saw the plaintiff starting to cross the street, that he slowed down to let the trolley car pass him, and then continued across and was struck. The defendant and another occupant of his car both testified that the plaintiff came out suddenly from the back

of the trolley car and ran directly in front of the defendant's automobile. There was no substantial conflict in the evidence as to the conduct of the plaintiff, and it could not reasonably be found to be that of an ordinarily prudent person. He was nineteen years old and had reached an age of discretion, and yet, with his view obstructed by the passing trolley car, he proceeded behind it directly into the path of the defendant's automobile. The verdict shows that the jury did not hold the plaintiff to the performance of his duty to exercise due care, and is "so palpably against the evidence as to indicate that the jury must have made some mistake in the application of legal principles, or were influenced by lack of knowledge or understanding." *State* v. *Chin Lung,* 106 Conn. 701, 704, 139 Atl. 91. In such a case it is the duty of the trial court to protect the parties by setting aside the verdict, and its action in so doing involves the exercise of a legal discretion and will not be disturbed unless it clearly appears that the discretion has been abused; and in passing on the question great weight should be given to his opinion and every presumption made in favor of its correctness. *Roma* v. *Thames River Specialties Co.*, 90 Conn. 18, 96 Atl. 169; *Robinson* v. *Backes,* 91 Conn. 457, 99 Atl. 1057; *Schulte, Inc.* v. *Hewitt Grocery Co.*, 101 Conn. 750, 125 Atl. 365; *Maroncelli* v. *Starkweather,* 104 Conn. 419, 133 Atl. 209.

There is no error.

In this opinion the other judges concurred.