[Civ. No. 8214. First Appellate District, Division Two.—February 11, 1932.]

LOS ANGELES FIRST NATIONAL TRUST & SAVINGS BANK (a Corporation), Respondent, v. JAMES L. NORTHRUP et al., Appellants.

Charles Lantz and Winslow P. Hyatt for Appellants.

Musick, Burr & Pinney and Clyde R. Burr for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to quiet title. It named as defendants James L. Northrup, Mrs. James L. Northrup, Ada Osborn, and W. M. Mauck as administrator of the estate of Clarence S. Osborn. An answer was filed by Ada Osborn and W. M. Mauck. A purported answer was filed for James L. Northrup by W. M. Mauck as administrator of the estate of C. S. Osborn. Each answer contained many affirmative allegations. The trial court made findings in favor of the plaintiff and from the judgment entered thereon the defendants have appealed.

On March 18, 1914, the title to the lots in controversy was vested in the Los Angeles Title and Trust Company. On that date it executed a deed conveying a number of pieces of property, including the lots in controversy, to the Los Angeles Trust and Savings Bank. That institution was merged in the Pacific Southwest Trust and Savings Bank. That corporation commenced this action. Before the trial the court made an order that the Los Angeles First National Trust and Savings Bank should be substituted as plaintiff. On the trial it was stipulated that the Pacific Southwest Trust and Savings Bank had become merged in the Los Angeles First National Trust and Savings Bank. In the briefs that stipulation is denied but the denial is not supported by the record. The plaintiff introduced in evidence its deed. It also introduced evidence that the lots in dispute are unoccupied and that the plaintiff and its predecessors are entitled to the possession of them, and that they have paid the taxes 1916–1928, both years inclusive. It was the theory of the defendants that on the fourteenth day of October, 1915, the Los Angeles Trust and Savings Bank executed a contract agreeing to sell the lots in dispute to James L. Northrup; and that thereafter he assigned his contracts on May 9, 1917, to C. S. Osborn. But it was the contention of the plaintiff, and the trial court held, that the assignments were invalid because each contract contained a clause "No assignment, sale or transfer of this agreement shall be valid unless written consent thereto by the Los Angeles Trust and Savings Bank is endorsed hereon," and

that its written consent to an assignment was never given. In reply the defendants assert that a written consent to the assignment was indorsed on each contract. In support of that assertion they call our attention to an indorsement as follows: ''The foregoing assignment is hereby approved Los Angeles Trust and Savings Bank, By ————, Trust Officer.'' The blank was not filled in, no seal was attached, and there was no showing that the trust officer had any authority to execute a ''written consent'' to assignments of such contracts. It follows that there was no authorized assignment. (5 C. J. 875; *Lockerby* v. *Amon*, 64 Wash. 24 [Ann. Cas. 1913A, 228, 35 L. R. A. (N. S.) 1064, 116 Pac. 463].) ▉ Furthermore, if, for the purpose of this opinion it be conceded that such contracts are assignable, no witness testified that this particular contract was ever delivered to Osborn and no papers were produced from his possession or the possession of his representatives. The sales price on one contract was $1850. It was payable $1266.50 on the delivery of the contract and $583.50 with seven per cent interest on or before October 14, 1917. The balance was never paid. Some small amounts were paid but they were so small that they did not equal the charges for interest and taxes and the balance payable continually increased. Excepting as to amounts, the same facts apply to the second contract. No payments on either contract were made after October 9, 1916.

▉ The defendants assert that the plaintiff did not prove title in itself. That assertion is based on the claim that the stipulation above mentioned was not entered into. As stated above we think that the record is clearly to the contrary.

They next contend that the findings to the effect that the title is vested in the plaintiff are not supported by the evidence. This contention is also based on the claim that the stipulation was not made. ▉ Continuing they assert that the vendor never complied with the covenants of the executory contract of sale. However, as they never proved a valid assignment to their decedent, Clarence S. Osborn, they are in no position to raise the point.

▉ Their next point is that the trial court failed to make findings on material issues presented by their answer. The point is without merit. There was no evidence intro-

duced by either party in proof of the affirmative allegations contained in the answers of the defendants—the issues on which it is claimed no findings were made. None were necessary.

It is next asserted that the two agreements for the sale of the lots were never rescinded, foreclosed, or otherwise extinguished, and that they are still in force. It will suffice to state that there was no evidence on those subjects.

The next point made by the defendants is that plaintiff was not entitled to relief until it offered to do equity. The defendant Northrup, if he had appeared, could have made the point but the other defendants having failed to prove an assignment in their favor were in no position to raise the point.

Finally it is contended that the trial court erred in its rulings on the introduction of evidence. The rulings complained of are chiefly addressed to questions propounded to the witnesses called by the plaintiff. To those witnesses the defendants addressed several questions to which objections were made and sustained. The questions were addressed to subjects on which the witnesses had given no testimony and were not proper cross-examination.

In what we have said we have treated the purported answer of Northrup as though it were not on the files. Neither at common law nor under the statute is there any authority for a stranger to answer for another. (49 C. J. 182 and 209.) The pleading was, therefore, a nullity.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 12, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 11, 1932.