GREENVILLE DEPOSITORS' CORP. *v.* ECKER.

1. SPECIFIC PERFORMANCE—LAND CONTRACTS—ASSIGNMENTS—TEST OF ENFORCEABILITY.

   Test of whether assignee of vendees' interest in a land contract is entitled to specific performance thereof is whether assignors, had they not made the assignment, could have enforced specific performance by vendor.

2. SAME—ASSIGNMENTS—OPTIONS—NOTICE.

   Assignee of vendees' interest under land contract *held*, not entitled to specific performance of contract from vendor where, after the assignment, before vendor had knowledge thereof and while vendees were in default, vendor insisted upon changing relationship by arranging for lease-option instrument under which vendees' interest ceased to exist through non-payment of specified sum for extension.

Appeal from Montcalm; Hawley (Royal A.), J. Submitted June 3, 1936. (Docket No. 43, Calendar No. 38,997.) Decided September 2, 1936. Rehearing denied October 16, 1936.

Bill by Greenville Depositors' Corporation, a Michigan corporation, against Roy C. Ecker and wife, Joseph S. Gibson and George C. Bower for personal decree and specific performance. From decree for plaintiff against defendants Ecker and Gibson personally but denying specific performance, plaintiff appeals. Affirmed.

*C. B. Rarden* and *Eldred & Gemuend,* for plaintiff.

*Norris, McPherson, Harrington & Waer,* for defendant Bower.

North, C. J. Plaintiff is the assignee of the assets of the Greenville State Bank, and for convenience will be referred to herein as the bank. This suit is primarily one for specific performance of a land contract, but a personal decree is also sought against defendants Roy C. Ecker and Joseph S. Gibson. The trial court entered a decree against the two named defendants personally but denied specific performance. Plaintiff has appealed.

In 1925 Mr. Ecker and his wife purchased from defendant George C. Bower on land contract two parcels of property. One was a dwelling and lot in the city of Greenville, the other a farm in Eureka township, Montcalm county. On December 31, 1925, the Eckers owed the bank $4,000 on a promissory note which was indorsed by defendant Gibson. As security for his assumed liability the Eckers assigned their vendees' interest in their land contract to Gibson. Subsequently Gibson made the following assignment of the contract to the bank:

"For valuable consideration received I hereby assign this contract to Greenville State Bank as additional security for my indorsement of Roy C. Ecker note $4,000 or any renewal thereof.

Joseph S. Gibson."

The Ecker note for $4,000 was last renewed October 6, 1932. At the time of hearing the principal and accrued interest amounted to $4,803.44. Payments on the land contract were made by the Eckers direct to Bower, and his receipts presented to the bank as evidence of such payments. By April 1, 1932, the original purchase price of $8,400 had been reduced to $3,000. A year later (April 1, 1933) the Eckers, being in default, Bower insisted that a new arrangement be made which, in case of continued

default, would result in cancellation of the contract. To accomplish this Bower executed on April 1, 1933, and the Eckers accepted a one year lease of the Greenville place with rent at $180 per annum, payable in monthly instalments, there being embodied in this lease an option providing that by paying $3,275 (the balance unpaid on the land contract) Bower would convey to the Eckers the contract properties. The bank had no knowledge of this transaction and Bower had no knowledge that the bank was the assignee of the vendees' interest in the contract until shortly before the hearing of this case. In the meantime, however, Ecker had stated to the bank's cashier that Mr. Bower was "playing along with him." By February, 1934, Ecker had obtained a home loan on the Greenville house and lot. Bower deeded this property to defendants Ecker and received $1,582.95. Bower indorsed on the lease-option instrument the following:

"Received on within contract $1,582.95, including interest to April 1, 1934, leaving balance due of $1,692.05.

GEORGE C. BOWER."

Bower had cooperated with Ecker in securing the home loan, in the application for which Ecker described himself as "contract purchaser." This was probably in December, 1933, or January, 1934. Later in 1934 Ecker applied for a farm loan on the contract farm property. Here again he described himself as "contract purchaser," and defendant Bower approved the application, and in anticipation of the consummation of this loan Bower delivered in escrow to the bank a deed of the farm to Ecker. The farm loan was not obtained. In March, 1935, the bank secured from Bower a written statement

that the amount then unpaid on the Ecker land contract was $1,658.49. Thereupon the bank tendered that amount to Bower and, as assignee of the vendees' interest in the land contract, demanded conveyance of the farm property. While Bower admitted his willingness to make such a conveyance to the defendants Ecker, he refused to convey to the bank. This suit in which the bank seeks specific performance of the contract for the purchase of the farm and perpetuates its tender, was instituted March 25, 1935.

As just noted, the plaintiff asks specific performance of the contract only so far as it covers the farm lands. The value of this farm property is substantially $5,000. Defendants Ecker and Gibson were defaulted because of failure to appear. The contest is one between the bank and Bower. Nonetheless the test of appellant's right to the relief sought is this: Could Mr. and Mrs. Ecker (had they not assigned their vendees' interest) have enforced specific performance by Bower? We think the record is such that Bower could not have been compelled by the Eckers to specifically perform. By mutual consent the Eckers, as vendees, had accepted of their vendor in lieu of their contract rights an option to purchase this farm upon the payment of a specified sum. This option for one year was dated April 1, 1933. It provided for an extension of an additional year upon payment of $275 within a year after its date. This payment was not made so far as the record discloses. The result is that all rights of the Eckers either as vendees or as option holders. ceased April 1, 1934. Bower had taken possession of the farm through a tenant April 1, 1933. The mere fact that Bower may still be willing to sell to the Eckers for a specified sum, or even willing to

give the farm to them, vests no rights in plaintiff. We find nothing in the record in consequence of which the option was extended beyond April 1, 1934. No fraud is shown or claimed in connection with the surrender of the Ecker contract rights for an option. At that time Bower had no knowledge of the bank's interest as assignee of the contract vendees' interest. Defendant vendees for a valuable consideration surrendered their contract rights, accepted in lieu an option, failed to perform under the option, and are, therefore, without right or remedy as against Bower. Plaintiff is in no better position.

The decree entered in the circuit court is affirmed, with costs to appellee.

FEAD, WIEST, BUTZEL, BUSHNELL, SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.