WILLIAM H. HARRIS ET AL. *v*. SAMUEL W. CLINTON
ET AL.

BALDWIN, O'SULLIVAN, WYNNE, DALY and BORDON, Js.

Argued January 5—decided March 22, 1955

*Ralph J. Lockwood,* and *Constance B. Motley* of the New York bar, with whom were *Peter Marcuse* and, on the brief, *Thurgood Marshall* of the New York bar, for the appellants (plaintiffs).

*T. Holmes Bracken,* for the appellees (defendants).

BORDON, J. The plaintiffs brought this action for specific performance as assignees of a written contract whereby the defendants agreed to convey a building lot in West Haven to Peter Horbick, the plaintiffs' assignor. The defendants pleaded by way of special defense that the written contract

failed to state the true intent of the parties because, as an inducing consideration, Horbick had agreed orally (1) not to assign his interest in the contract to any party without securing the defendants' consent, (2) to use the stone upon the lot in question to erect a dwelling house for himself and his family, and (3) to commence construction of the house within a reasonable period of time and before title was conveyed to him. The defendants also claimed that they reduced the price of the lot in consideration of this oral agreement and that Horbick violated it and therefore forfeited his right to a conveyance.

Under a counterclaim incorporating all of the foregoing allegations of the special defense, the defendants sought reformation of the contract to make it conform to the alleged oral agreement and a rescission of it, as thus reformed, conditioned upon the return to Horbick or the plaintiffs of the $100 paid to the defendants. The cause was thereafter heard, and the court submitted several interrogatories to the jury. The court accepted the answers to the interrogatories as a verdict, denied the plaintiffs' motion to set it aside, and ordered judgment entered in accordance with the requirements of the answers to the interrogatories. The plaintiffs have appealed.

Although the assignments of error are many and varied, the deficiencies in the record make possible a consideration of but two main assignments. These are that the court erred, first, in denying the motion to set aside the answers to the interrogatories (that is, the motion to set aside the verdict) on the ground that the answers were against the law and the evidence, and, secondly, in refusing specific performance of the contract.

The jury reasonably could have found the following facts: The defendants owned a real estate development in West Haven called Forest Ridge. Several substantial houses had already been built in it. In the fall of 1948, Horbick negotiated with the defendants for the purchase of a lot, designated as No. 52. It was high and rocky. Horbick, who was a sculptor and stonemason, engaged in the business of manufacturing monuments, saw the possibility of using, in the construction of a house, the stone on the lot and other stone which he could bring from his monument works. The defendants were anxious to have a house built on this lot because the area in which it was located was undeveloped and a house there would facilitate the construction of a road and help in the sale of the development. It was also important to them to have the rocky bank on the lot cut down. Horbick entered into a written contract with the defendants to buy the lot. The contract, in the form of a bond for a deed, acknowledged a down payment of $50 and contained the defendants' promise to deliver a warranty deed to the purchaser on or before December 31, 1950, upon the payment of the balance of $250. The contract contained a provision that it would not be recorded on the land records. Nevertheless, Horbick subsequently recorded it. Contemporaneously with the execution of the bond for a deed and in consideration of a reduction in the price of the lot to the $300 specified therein, Horbick orally agreed that he would use the rock on the property to build his house, that he would start construction before he received the deed for the lot, and that, until he had the deed, he would not transfer the lot to anybody without the defendants' approval. The written provision that the bond for a deed would not be recorded was to pre-

vent Horbick from conveying the lot until he had fulfilled the oral agreement. During May, 1949, Horbick decided not to build, and on June 8 he entered into a contract with the plaintiffs, who are well-educated and cultured Negroes, to sell the lot for $600. On June 15, upon the payment of a balance of $500, Horbick quitclaimed to the plaintiffs the lot and his rights under the bond for a deed and sent a certified check to the defendants for the balance due on his agreement with them. This check was refused by the defendants, who then tendered to Horbick the $100 he had already paid on account, which he refused to accept.

At the trial, the questions of the existence of a contemporaneous oral agreement, its terms, and the reason for the defendants' refusal to convey to the plaintiffs were submitted to the jury upon interrogatories agreed upon by counsel for both parties. These interrogatories and the answers are set forth in a footnote.[2] The jury found that there was a contemporaneous agreement as claimed by the de-

[2] "I. At the time Mr. & Mrs. Clinton executed the Bond for Deed on December 28, 1948 with Peter Horbick did Mr. & Mrs. Clinton have an oral agreement with Mr. Horbick in addition to the written contract? A. Yes, with Mr. Clinton & Mr. Clinton as agent for Mrs. Clinton.

"II. If the answer to the above question is yes, did the oral agreement include the following: (1) an agreement that Mr. Horbick could not transfer his rights in the Bond for Deed to any person or persons without the consent and approval of the Clintons? A. Yes. (2) an agreement Horbick was to commence construction of a house himself? A. Yes. (3) an agreement Horbick was to use stone from the lot to erect a dwelling house for himself and his family? A. Yes. (4) an agreement Horbick was to commence construction of a house before title would be conveyed to him under the bond for deed? A. Yes.

"III. Did Mr. & Mrs. Clinton refuse to give Mr. & Mrs. Harris a Deed to the premises *solely* because Mr. & Mrs. Harris are Negroes? A. No."

fendants and that their refusal to convey to the plaintiffs was not due solely to the fact that the plaintiffs were Negroes. The plaintiffs moved to set aside the verdict because the answers to the interrogatories were against the law and the evidence. The trial court denied their motion and granted the defendants' motion to enter judgment on the verdict. The correctness of this ruling is decisive of the appeal.

In an appeal claiming error in the denial of a motion to set aside a verdict it must be assumed, unless questioned, that the charge was correct in law and adequate. *Efland* v. *Guyott Construction Co.,* 138 Conn. 183, 186, 82 A.2d 925. A verdict of a jury prevails unless unsupported by the evidence; *Dupuis* v. *Dupuis,* 100 Conn. 96, 99, 122 A. 904; or unless it is so palpably against the evidence as to indicate prejudice, partiality, corruption, confusion or lack of understanding of the issues by the jury. *Orsillo* v. *Russo,* 113 Conn. 727, 729, 156 A. 862; *Levy* v. *Bromberg,* 108 Conn. 202, 204, 142 A. 836; *State* v. *Chin Lung,* 106 Conn. 701, 704, 139 A. 91. The conclusion of a jury on issues of fact, if it is one at which honest men acting fairly and intelligently could arrive reasonably, must stand, even though the opinion of the trial court and this court might be that a different result should have been reached. The credibility of each witness and the weight to be accorded to his testimony is for the jury, and the evidence must be given the most favorable construction of which it is reasonably capable. *Horvath* v. *Tontini,* 126 Conn. 462, 464, 11 A.2d 846; *Lisa* v. *Yale University,* 122 Conn. 646, 648, 191 A. 346; *Toth* v. *Perry,* 120 Conn. 680, 681, 182 A. 464; *Anderson* v. *Colucci,* 119 Conn. 241, 244, 175 A. 681. Moreover, the decision of the

trial court in refusing to set the verdict aside is entitled to great weight. *Scarcello* v. *Greenwich,* 127 Conn. 464, 467, 17 A.2d 523; *Amellin* v. *Leone,* 114 Conn. 478, 479, 159 A. 293.

At the first trial of this case, a single issue was submitted to the jury upon an interrogatory approved by counsel for both the plaintiffs and the defendants. *Harris* v. *Clinton,* 138 Conn. 657, 660, 88 A.2d 542. The issue was whether there was between the parties an oral agreement in addition to a bond for a deed. By their special verdict on that occasion the jury answered Yes. Upon appeal to this court, we held (p. 661) that the lack of any statement in the interrogatory as to the time when the understanding referred to therein was reached rendered the jury's answer valueless and of no significance in the determination of the case.

It is a well-established principle that when parties have merged all prior negotiations and agreements in a writing, intending to make that the repository of their final understanding, evidence of such prior negotiations and agreements will not be received to vary or add to the writing. If, however, it appears that a collateral agreement not contained in the written agreement was entered into contemporaneously therewith, it may be proved by parol. The admission of parol evidence in such a case does not contravene the parol evidence rule. The fundamental question is one of the intent of the parties. If they intended the writing to be the repository of their final agreement, parol evidence is not admissible. If, however, it appears that the parties intended to enter into a contemporaneous oral agreement, parol evidence will be permitted to prove such an agreement. 9 Wigmore, Evidence (3d Ed.) §§ 2430, 2441; *Nagel* v. *Modern Investment*

*Corporation,* 132 Conn. 698, 700, 46 A.2d 605; *Harris* v. *Clinton,* supra, 662. The intent is to be sought in the conduct and language of the parties and the surrounding circumstances. *Brosty* v. *Thompson,* 79 Conn. 133, 136, 64 A. 1. Upon the evidence the jury, in the case at bar, could reasonably have found, as their answers to the interrogatories indicate, that the written contract was subject to a contemporaneous oral agreement that Horbick "could not transfer his rights in the Bond for Deed . . . without the consent and approval of the Clintons," that he "was to commence construction of a house himself," that he "was to use stone from the lot to erect a dwelling house for himself and his family," and that he "was to commence construction of a house before title would be conveyed to him under the bond for deed." Proof of this oral contract was admissible. *Cohn* v. *Dunn,* 111 Conn. 342, 346, 149 A. 851; *Siller* v. *Philip,* 107 Conn. 612, 620, 141 A. 872; *Fernandez* v. *Thompson,* 104 Conn. 366, 369, 132 A. 895. A conclusion that it had been breached, a conclusion which is implicit in the jury's verdict, would defeat Horbick's right to receive a conveyance of the lot from the defendants. It requires no discussion to demonstrate that the breach was material.

The plaintiffs claim the right to specific performance as assignees of the contract in question. They further complain that in denying their claim the court is upholding an agreement which has the effect of discriminating against persons in the purchase of real estate solely because of their race or color. The assignee of a land-contract vendee may maintain an action for specific performance if the vendee himself could have obtained such relief. *Lenman* v. *Jones,* 222 U.S. 51, 53, 32 S. Ct. 18, 56 L. Ed. 89; *Record* v. *Littlefield,* 218 Mass. 483, 484, 106 N.E.

142; *Hunt* v. *Hayt,* 10 Colo. 278, 282, 15 P. 410; *Ross* v. *Glover-Ball Co.,* 156 Ga. 109, 114, 118 S.E. 691. The fact that an assignment of a land contract is made in violation or disregard of a provision thereof that the vendee will not assign without the vendor's consent does not preclude the assignee from maintaining a suit for specific performance if the contract has been fully performed by the vendee or assignee. The theory is that the stipulation against assignment is ordinarily to be construed as intended merely to safeguard performance on the part of the vendee, so that when full performance has been rendered the stipulation becomes of no further consequence. *Cheney* v. *Bilby,* 74 F. 52, 64, cert. denied, 164 U.S. 705, 17 S. Ct. 992, 41 L. Ed. 1180; *Johnson* v. *Eklund,* 72 Minn. 195, 199, 75 N.W. 14; *Grigg* v. *Landis,* 21 N.J.Eq. 494, 512. In such situations there is nothing left for the assignor or assignee to do. In all cases, however, where unperformed acts remain to be done by the assignor-vendee, or where a provision against assignment may be personal to the vendee, specific performance will not be granted. *Lockerby* v. *Amon,* 64 Wash. 24, 25, 116 P. 463. The contract here involved was personal in character in that it called for the performance of certain acts which could only be done by the original vendee. Specific performance of the contract which Horbick had breached could not be enforced by his assignee. *Williamson* v. *Ingram,* 243 Ky. 749, 751, 49 S.W.2d 1005; *Greenville Depositors' Corporation* v. *Ecker,* 277 Mich. 119, 122, 268 N.W. 831; see *Jacksonville Hotel Building Corporation* v. *Dunlap Hotel Co.,* 350 Ill. 451, 459, 183 N.E. 397; note, 138 A.L.R. 205, 209.

The claims of the plaintiffs that racial prejudice was the sole reason for the defendants' refusal to

convey have no factual support in view of the jury's answer to the third interrogatory. The plaintiffs stipulated for the submission of a specific interrogatory to the jury as to whether the defendants "refuse to give Mr. & Mrs. Harris a Deed to the premises *solely* because Mr. & Mrs. Harris are Negroes?" To this interrogatory the jury answered No. The plaintiffs are bound by this answer on an issue of fact.

The error assigned in denying the plaintiffs' motion for a trial to the court was not pursued in brief or oral argument and is considered as abandoned. Maltbie, Conn. App. Proc., § 165; *Freund* v. *Burns,* 131 Conn. 380, 386, 40 A.2d 754.

There is no error.

In this opinion the other judges concurred.