[No. 2455. Decided December 21, 1896.]

THE PENNSYLVANIA MORTGAGE INVESTMENT COMPANY,
*Respondent* v. LUCY A. SIMMS, *Appellant*.

CONSTRUCTION OF CONTRACTS — AMBIGUITY — ADMISSIBILITY OF PAROL.

In the construction of contracts, such a construction should be given as will give the contract force, rather than one which will make it of no effect.

Where the making of notes and mortgage, the assignment of a lease upon the premises to the mortgagee and the making of a memorandum respecting payment of rents and purchase money, under an option to purchase given to the lessee in the lease, are executed at the same time and constitute parts of a single transaction, they should all be construed together, and, if the language of the instruments taken together is ambiguous, the introduction of oral proof is warranted for the purpose of explaining the true intent of the parties.

Appeal from Superior Court, Spokane County.— Hon. JAMES Z. MOORE, Judge. Affirmed.

*Baldwin & Kelly*, for appellant.

*Jones, Voorhees & Stephens*, for respondent:

A contract should be so construed as to render it reasonable, rather than unreasonable. *Russell v. Allerton*, 108 N. Y. 288; *Wilson v. Marlow*, 66 Ill. 385; *Crabtree v. Hagenbaugh*, 25 Ill. 233 (79 Am. Dec. 324). A contract may be made by conduct as well as words, and the parties, by their conduct subsequent to an agreement, may modify it or make a new contract. *Holloway v. Frick*, 149 Pa. St. 178. The construction of the parties will be adopted by the courts in determining the meaning of a contract. *Topliff v. Topliff*, 122 U. S. 131; *People v. Murphy*, 119 Ill. 166; *Garrison v. Nute*, 87 Ill. 215; *Leavers v. Cleary*, 75 Ill. 353; *Union Pacific R. R. Co. v. Anderson*, 11 Colo. 293; *District v.*

*Gallaher*, 124 U. S. 505; *Central Trust Co. v. Wabash, etc., Ry. Co.*, 34 Fed. 254.

If parol evidence be not admissible to explain the memorandum, then it becomes repugnant to the residue of the contract and manifest intention of the parties, and must be rejected. *Packer v. Roberts*, 140 Ill. 16; 2 Parsons, Contracts (7th ed.), bottom p. 644.

The opinion of the court was delivered by

HOYT, C. J.—On April 5, 1892, Lucy A. Simms, one of the defendants, was the owner of certain land situated in the county of Spokane, State of Washington. On that day she made a lease of said land to Peter Morrison. This lease contained a clause which gave to said Morrison the right to purchase the property upon certain conditions therein named. Thereafter the defendant Lucy A. Simms borrowed from the plaintiff $7,000 and gave her promissory notes for that amount, and to secure their payment executed a mortgage upon the property covered by the lease to Morrison, and made an assignment of her interest in the said lease. At the time that the mortgage and assignment of the lease were executed, the plaintiff executed a memorandum in writing in the following language :

" It is hereby understood and agreed that the as-
" signment of lease made by Mrs. Lucy A. Simms to
" the Pennsylvania Mortgage Investment Company is
" not to be recorded unless notice is first given to said
" Lucy A. Simms or her heirs, administrators or as-
" signs. And it is further agreed on the part of said
" mortgage company that the payments of rent under
" said lease shall be made to said Lucy A. Simms and
" used and applied as she may deem fit and proper.
" It is further understood and agreed that the Penn-
" sylvania Mortgage Investment Company have no

" interest in, right to or claim upon the purchase
" money which Peter Morrison as lessee and as the
" second party to the contract of sale agrees in said
" contract to pay to Mrs. Lucy A. Simms."

And it is upon the construction of this memorandum that the rights of the parties depend.

Morrison, the lessee, availed himself of the option contained in the lease and elected to become a purchaser of the property upon the terms therein stated. The amount which he was to pay for the property was $13,000: $4,000 on December 1, 1893, $4,000 on April 1, 1895, and $5,000 on the first day of April, 1896; and it was agreed that out of the first $4,000 so to be paid a prior mortgage upon the premises should be paid. This $4,000 was paid and used to satisfy this mortgage in accordance with the agreement. Before the next payment of $4,000 became due, both the plaintiff and the defendant Lucy A. Simms claimed the right to receive it, and on account of these adverse claims the money was not paid to either of them, and default having been made in the payment of the installments of interest due upon the notes secured by the mortgage and assignment of lease, the plaintiff, availing itself of the conditions of the notes and mortgage, elected to declare the principal sum due, and thereupon brought this action to foreclose. Trial was had and a decree rendered substantially as prayed for by the plaintiff, from which defendant Lucy A. Simms has prosecuted this appeal.

Some question is made in the brief of appellant as to the sufficiency of the pleadings, and it is claimed that the superior court erred in admitting oral proof to change the terms of the written contract evidenced by the memorandum hereinbefore set out. In our opinion the pleadings were sufficient, and the correct-

ness of the ruling which admitted oral proof to show what was intended by such memorandum depends so entirely upon the construction of the language used, that whatever is necessary can best be said in the consideration of the effect of such language.

It is contended on the part of the plaintiff that the assignment of the lease gave it the right to receive the moneys to be paid by the lessee for the property covered by its mortgage, if he elected to become the purchaser thereof, until the $7,000 borrowed of it by appellant, and interest thereon, was fully paid; that the only effect of the memorandum was to waive plaintiff's right to the rent to be paid for the use of the premises and to allow the appellant to use the first payment of $4,000 to take up the prior mortgage thereon. The appellant contends that the plaintiff, by the execution of the memorandum, waived not only the right to receive the money to become due as rent, but also all which was to become due for the property in the event the lessee elected to become a purchaser.

It appeared from the undisputed proofs that the loaning of the $7,000 by the plaintiff, the making of the notes and mortgage and the assignment of the lease by the appellant and the making of the memorandum in question were parts of a single transaction, the object of which was on the part of the plaintiff to loan its money and receive security for its re-payment, and on the part of the appellant to obtain the money and give such security. This being so, the assignment of the lease and the memorandum must be treated as parts of a single contract, and, if appellant's construction of the memorandum is to obtain, such contract was without any force whatever. If the plaintiff, as assignee of the lease, was entitled to receive neither the rent money which might become due upon

such lease nor the money which would be paid for the property, if the lessee elected to become a purchaser, there was nothing beneficial which it could take. The assignment, without the memorandum, gave to the plaintiff the right to receive the rents and the purchase money for the property in accordance with the terms of the lease. But, if the construction contended for by appellant is adopted, it must be held that these rights were waived by the execution of the memorandum. Hence this construction will render the assignment of no effect, and the parties would be in the same situation as though neither the assignment nor the memorandum had been executed.

But elementary rules require that such a construction should be given to the contract as will give it force, rather than one which will make it of no effect. It follows that some other construction of the memorandum than that contended for by the appellant must be adopted, if its language, taken in connection with that of the assignment of which it was a part, is such as to make it possible. In our opinion, the language used, when interpreted in the light of surrounding circumstances, is capable of other reasonable construction. The fact that the assignment of the lease was made to further secure the payment of the notes given by the appellant to the plaintiff did not appear upon the face of such assignment, and, if no memorandum had been made, there would have been nothing to show that the moneys collected by virtue of the assignment should be applied upon the amount due or to become due upon the notes of the appellant. Under these circumstances it must be presumed that the waiver of the plaintiff was only intended to show that it had no absolute title to the money; that it must account for it in the adjustment of the loan, to further

secure which the assignment had been made. Not only does the rule, which requires the contract to be so construed as to give it effect, require this construction, but the language of the memorandum without the aid of such rule tends strongly to show that it was not the intent that thereby the plaintiff should waive its right to receive the money to be paid for the land. It was made clearly to appear that the appellant was to have the money to become due for rent to use as she saw fit; but as to the money to become due for the property, if purchased by the lessee, there was no such express provision.

In our opinion the assignment and memorandum, without any proof as to the intention of the parties, warranted the plaintiff in asserting its right to receive the money to be paid for the property. But if this was not the proper construction of the two instruments construed together, their language was so ambiguous as to warrant the introduction of oral proof to show what was intended. And the evidence introduced for that purpose clearly showed that it was not the intention that the appellant should have the right to receive the money for the property after the assignment of the lease the same as before such assignment. Besides, the construction contended for by appellant would deprive the plaintiff of its security. If plaintiff had no right to the money to become due upon the lease or contract of purchase, the appellant had the right to receive it, and when she had done so Morrison could compel her to deed the property to him; and by her deed he would take title discharged of the lien of plaintiff's mortgage. It must be held that the plaintiff had a right to demand of Morrison the payment of the moneys to become due upon his election to purchase the property.

It follows that the plaintiff did only what it had the right to do, and it having been made to appear that the interest upon the notes of appellant held by plaintiff had not been paid, its right was established to declare the whole sum due and enforce payment thereof by foreclosure proceedings.

The judgment will be affirmed.

DUNBAR, SCOTT, ANDERS and GORDON, JJ., concur.