MARGARET WELTSCH, *pro se and as Administratrix, etc.*, v. ANTHONY STRAUB.

No. 14,684.        (86 Pac. 148.)

SYLLABUS BY THE COURT.

HUSBAND AND WIFE—*Conditional Gift—Death of one Joint Obligee.* A sum of money was given by a man and his wife to one who had married their daughter, under an agreement that he might use it until they needed it, and if not demanded in their lifetime the money was to become the property of the son-in-law. The father-in-law died; and afterward the mother-in-law needed and demanded the money, but payment was refused. *Held,* that the death of the father-in-law did not convert the transaction into a gift, nor discharge the obligation to return the money to the mother-in-law upon demand. Under the contract she was entitled to reclaim the money and to bring an action for its recovery.

Error from Pottawatomie district court; ROBERT C.
HEIZER, judge. Opinion filed July 6, 1906. Reversed.

*Alvin R. Springer,* and *W. F. Challis,* for plaintiff in
error.

*Codding & Keyser,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: Margaret Weltsch, for herself and
as administratrix of the estate of Joseph Weltsch, her
deceased husband, brought this action against Anthony
Straub to recover $500, with interest thereon from
January 1, 1902, at the rate of six per cent. per annum.
In substance, she alleged in her petition that in 1892
she and her husband were then growing old and had
more money than they needed for immediate use, and
they gave Anthony Straub, who had married their
daughter Mary, $500, under an agreement that it was
to be repaid to them on demand; that it was the in-
tention of the parties that the money should be and
remain a trust fund, to be drawn from by the Weltsches
in case of need at any time during the lifetime of either
of them, on demand, but if not needed by either of them
it was to be treated as a gift, and should finally become
the property of Straub and wife. Afterward the
daughter, Mary Straub, died, and later, in December,
1898, Joseph Weltsch died. It was also alleged that at
various times during the years 1902, 1903 and 1904
Margaret Weltsch, the widow, needed the money and
demanded the payment of it from Anthony Straub in
accordance with his agreement, but that he refused to
pay her any part of it. The agreement, which was in
writing, was pleaded by her, and is as follows:

"This agreement, entered into this 18th day of Oc-
tober, 1892, witnesseth: That Joseph Weltsch and
Margaret Weltsch, his wife, parties of the first part,
have given unto Anthony Straub and Mary Straub, his
wife, parties of the second part, five hundred dollars
($500), said five hundred dollars to be used by the
parties of the second part until all or any part of said

$500 is needed by the parties of the first part, and when said parties of the first part need or demand all or any part of said $500, then the parties of the second part hereby agree to pay said amount so demanded to the parties of the first part.

"And it is hereby agreed that if no demand is made by the parties of the first part for any or all of said $500 within the lifetime of the said parties of the first part, then said $500 or the part thereof still remaining in the possession of the parties of the second part is to be and remain the property of the said parties of the second part.                    ANTHONY STRAUB."

On a demurrer to her petition, it was held that plaintiff had not stated a cause of action, and that there was no liability to return the money unless demanded by both of the Weltsches and while both were alive. In addition, it is contended that the promise ran to the Weltsches jointly, and that one of them is not entitled to maintain an action on it.

No good reason is seen why the plaintiff may not maintain her action. The money was placed in the possession of Straub, subject to be reclaimed by the Weltsches during their lifetime, and it was therefore not an absolute gift. The purpose of the parties is apparent from the writing. The Weltsches intended that Straub should have the use of the money for a time, at least, and if they did not need it while living he might then have it as his own. To provide for the maintenance and comfort of the Weltsches during their lives it was agreed that if it became necessary the money should be returned to them on demand. Manifestly it was a provision for the protection of both of the Weltsches so long as either should live, and not for their protection only until one of them should die. Protection was just as important and necessary for Mrs. Weltsch after, as before, her husband's death, and nothing in the writing, or in the circumstances under which it was made, indicates that anything less than protection for both of the Weltsches was intended. Nothing in the language of the agreement indicates

Weltsch v. Straub.

that the death of one of the Weltsches would make the gift to Straub complete or discharge him from the obligation to repay the money when demanded.

There would have been less room for cavil if it had been written that Straub might use the money until it was needed by the Weltsches, *or either of them,* but, considering the circumstances of the case, the relation of the parties, and the purpose for which provision was being made, there is no doubt of an intention that the fund should be available to either of the Weltsches so long as either of them should live. It was a lifetime provision, and the son-in-law, who had enjoyed the use of the fund for years, could hardly have contemplated that his benefactors would pass from life simultaneously. Each of the Weltsches had the same interest in the fund; each joined in placing it in Straub's hands; and obviously it was intended that it might be reclaimed by either of them, if either needed it.

This view disposes of the contention that Mrs. Weltsch alone cannot maintain the action. If both were alive, of course both should have united in the action. A joint obligee, however, does not lose the benefit of a contract because all the obligees do not unite in its enforcement. Our code provides for an adjudication of the rights of all obligees united in interest, if any interest they have, by permitting those to be made defendants who refuse to unite as plaintiffs. (Code, § 37; Gen. Stat. 1901, § 4465.) Mr. Weltsch's necessities had ceased, and no part of the fund could be used for his benefit. The only one who had an interest in the fund was Mrs. Weltsch, and to meet her necessities she had a right to demand and reclaim the money. Being the only party in interest, no one else need be joined with her. (9 Cyc. 655.)

The judgment is reversed, and the cause remanded for further proceedings.

All the Justices concurring.