[No. 8645. Department Two. June 7, 1910.]

HUNTER TRACT IMPROVEMENT COMPANY, *Appellant*, v.
S. H. STONE *et al.*, *Respondents*.[1]

VENDOR AND PURCHASER—CONTRACT—ASSIGNMENT—CONSENT OF VENDOR. A contract for the purchase of land is assignable by the vendee without the consent of the vendor, where there were no special circumstances in the contract to indicate an intention of the parties that it was not assignable, but on the contrary it contained a clause to the effect that, wherever the words vendor or vendee appear, it is understood to include heirs, assigns, successors, etc.; and it is immaterial that on the back of the contract, after a form for an assignment, there was a recital for acceptance and approval of the assignment; since it was no part of the contract, and simply a provision for a novation.

Appeal from a judgment of the superior court for King county, Main, J., entered November 13, 1909, upon findings in favor of the defendants, dismissing an action to cancel an assignment of a contract, after a trial on the merits before the court. Affirmed.

[1]Reported in 109 Pac. 112.

*Hughes, McMicken, Dovell & Ramsey,* for appellant. .
*Andrew R. Black,* for respondents.

DUNBAR, J.—Appellant platted, as Mount Baker addition
to the city of Seattle, a tract of land adjoining Lake Wash-
ington, containing about two hundred and ten acres, and
gave to the city of Seattle about twenty-five acres of this
land for parks and boulevards, including the lake frontage,
and in other ways attempted to make it desirable for first-
class residences, and a great many people had bought lots
in said addition. One Marguerite Foy had secured a con-
tract for the purchase of lot 14 in block 18 in said addition,
and had assigned the same to a woman of the negro race,
Susie Stone, wife of the respondent S. H. Stone, who is also
a negro. The assignment was approved on the back of the
contract, and said S. H. Stone and wife, Susie Stone, were
about to commence the erection of a private residence for
themselves on said lot. Thereupon the appellant brought
this action against S. H. Stone and wife and Marguerite
Foy, respondents herein, to obtain a cancellation of said as-
signment to Susie Stone, upon the ground that the contract
made with Marguerite Foy could not be binding until the
assignment should be accepted and approved by the appel-
lant, and that the purported approval and acceptance of the
assignment to Susie Stone was induced by mistake as to the
race of said Susie Stone and of her husband, and that the
said Susie Stone and her husband wilfully and wrongfully
concealed from the appellant the fact that they were of the
negro race, knowing all the time that the appellant would not
consent to or approve of the assignment to a person or per-
sons of the negro race.

There were other provisions of the complaint in relation
to the failure to pay interest, but it was conceded upon the
trial that the interest had been paid, and this ground for
rescission is abandoned upon this appeal. The answer ad-
mitted the assignment, admitted the fact that the respond-

ents Susie Stone and S. H. Stone were colored people, but denied all allegations of knowledge of the conditions asserted in the complaint, or of any fraud on their part. The court upon the trial of the cause found in favor of the defendants, and dismissed the action. From judgment of dismissal, this appeal is taken.

It is the appellant's contention that it is injured from the fact that the addition will become less popular and less valuable if negroes are allowed to erect and maintain residences in said addition, and that it had promised and agreed with divers and sundry parties to whom it had sold that negroes would not be allowed to purchase any of the lots of this addition or to maintain residences thereon. The main contention is based upon the first assignment of error, viz., that the court refused to find that it was agreed by the parties to the contract, and so set forth therein (referring to the contract between Marguerite Foy and appellant), that no assignment of the said contract, or of any rights thereunder, should be valid until the same should be accepted and approved by this plaintiff, and this finding requested was in accordance with paragraph 4 of the complaint. We do not think the court erred in not making this finding as requested. A great many other assignments are discussed by the appellant, which it seems to us are not material, in consideration of the conclusion we have reached on the assignment just mentioned. It may be conceded that the general propositions of law stated by the appellant are correctly stated, and that the authorities cited sustain such proposition, viz., that the parties to a contract may in terms prohibit its assignment so that neither personal representatives nor assignees can succeed to any rights in virtue of it or be bound by its obligations; or that a party has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent. But these principles, and authorities cited to sustain them, are not in point as we view this contract.

Appellant quotes somewhat extensively from the case of *La Rue v. Groezinger*, 84 Cal. 281, 24 Pac. 42, 18 Am. St. 179, where a contract by which A. agreed to sell, and B. to buy, all the grapes of a certain standard which A. might raise in a certain vineyard during a certain period, was declared to be assignable by A. But in the course of the opinion, the court used the language set forth in appellant's brief, to the effect that, though a contract may not expressly say that it is not transferable, yet if there are equivalent expressions or language which excludes the idea of performance by another, it is not assignable; citing *Shultz & Co. v. Johnson's Adm'r*, 5 B . Mon. (Ky.) 497. An examination of that case shows that S. contracted with J. to receive, and pay for at a certain price, all the hemp which J. could raise for six successive years on not less than one hundred or more than one hundred and sixty acres of land, *of his own raising*. J. died, and in a suit by his administrator for refusing to receive and pay for a crop raised after the death of J., held that the contract was personal and that it could not be performed by J's administrator, the court holding that there was a personal equation in that case which could not be disregarded; that S. contracted with reference to the requisite skill and experience which J. was known to possess, and that by the especial terms of the contract he could not be compelled to take the production of any one else. But the court, in *La Rue v. Groezinger*, *supra*, shows conclusively by its announcement that it would not have held such a contract as the one in question non-assignable, for it proceeds to say:

"If the language does not exclude the idea of performance by another, and the nature of the thing contracted for, or the circumstances of the case, do not show that the skill, credit, or other personal quality or circumstance of the party was a distinctive characteristic of the thing stipulated for, or a material inducement to the contract,—then the contract was assignable, under the provisions above quoted. . . . And while it is to be conceded that men have perfect liberty to contract with whom they choose, and to exclude the idea

of performance by another, yet in the absence of anything indicating such an intention, we do not think that the courts should indulge in speculation as to possible prejudice or fancied preference. It should not assume that the parties were influenced by unusual or conjectural motives merely because some men might be so affected under similar circumstances."

The whole opinion is an argument against appellant's contention.

But instead of there being special circumstances in this contract to indicate that the intention of the parties was that it should not be assignable, the contract itself expressly provides for an assignment in the eighth clause, which is as follows: "Where the words vendor or vendee appear, it is understood to include heirs, assigns, successors or legal representatives." It is true that, after the form of assignment on the back of the contract, the following words appear: "This assignment is hereby accepted and approved." But this is no part of the contract. The contract was completed, signed, and acknowledged by the parties, and this provision was not incorporated in that agreement, and the parties to the contract can in no way be bound by it. It was evidently incorporated simply as a provision for a novation, and for the purpose of releasing the original contractor and accepting the obligation of the assignee in lieu thereof. There being, then, no obligation on the part of the assignee to have this assignment approved, it is immaterial whether the approval was made through mistake or otherwise. Certain it is that there would have been no protection to the appellant under this contract, in respect to the condition it is complaining of, if it had executed a deed to Marguerite Foy, and she had seen fit to deed the same to the respondents Stone, or to make any contract that she saw fit to make with relation to the land.

We think there is no merit in the appeal, and the judgment must be affirmed.

RUDKIN, C. J., PARKER, MOUNT, and CROW, JJ., concur.