[No. 26829. Department Two. December 13, 1937.]

GRACE RICHARDSON, *Appellant,* v. SUPERIOR FIRE
INSURANCE COMPANY, *Respondent.*[1]

*F. A. McMaster,* for appellant.

*Long & Levit* and *Williams & Redfield,* for respondent.

MILLARD, J.—This action was commenced to recover on two policies of fire insurance. The appeal is from the judgment of dismissal rendered after a demurrer was sustained to the complaint.

The complaint, the allegations therein being admitted by the demurrer to be true, is summarized as follows: The respondent, with knowledge that the house and furniture were community property, issued

[1]Reported in 74 P. (2d) 192.

to Ben Richardson August 4, 1934, two fire insurance policies on a house and furniture owned by the marital community of Ben Richardson and the appellant in the city of Spokane.

Appellant obtained a divorce from Ben Richardson December 14, 1935, in the superior court for Spokane county. In the division of property in that divorce action, the husband transferred his interest in the furniture and house to appellant. At the same time, he orally assigned to the appellant the two fire insurance policies issued August 4, 1934, by respondent to Ben Richardson on that property. Appellant continued to live in the house and use the furniture therein until July 22, 1936, when the house and furniture were totally destroyed by fire. On refusal of respondent to pay the insurance, appellant instituted this action, which resulted as stated above.

Counsel for respondent contend that the oral assignment of the insurance policies by the divorced husband to his divorced wife, the appellant, was contrary to the provision of the policy requiring submission of any assignment to the insurer for approval. Counsel for respondent also insist that the change of ownership of the insured property, in the absence of an agreement permitting such transfer of title indorsed on or added to the insurance policies, avoided the terms of the policies.

The argument of counsel for appellant is, substantially, as follows: The appellant continued to live in the house after transfer of title to her, which was community property at the time it was insured, up to the time of the fire. The fire insurance contract was made for the benefit of the community and for no one else; that is, it was not for the husband or wife as individuals but for the community. There was no increase of hazard in the fire risk by the transfer of the property

to the wife. The situation is the same as the case of a partnership which takes out insurance on firm property. The insurance would not belong to the individual members of the firm, but would belong to the partnership. The only difference there can be in the two situations is that the insurance company in writing the policy on the property of a marital community would have only two persons to consider as to hazard and moral risk, while in a partnership there might be a half dozen persons whose fitness for insurance would have to be investigated by the company. It is urged that the rule that a sale by one member of a firm of his interest to another member of the firm without notice to the insurer does not violate the terms of a policy of insurance upon partnership property as to sale or change of interest, is applicable when one member of a marital community transfers community property to the other member of the community.

█ The policies were not made a part of the complaint; however, they are before us as a matter of judicial knowledge, since the only form of fire insurance policy that can be issued in this state is the one prescribed by statute (Rem. Rev. Stat., § 7152 [P. C. § 3014]). We take judicial notice that there is in existence a standard form of insurance policy known as the "Washington Standard Policy." We take judicial notice of the contents of that standard form of policy, and it will be presumed that such a policy was used in compliance with the statute. 8 Couch Cyclopedia of Insurance Law, 7024, § 2170.

██ One of the provisions of the policy is that, unless otherwise provided by agreement indorsed on the policy or added to the policy, the entire policy shall be void if assigned before a loss. Under that provision, the insured may not transfer his right in the insurance

contract to some one else by assignment unless he obtains the consent of the insurer. An attempt to make an assignment without observance of this requirement is a breach of the covenant to which the insured agreed, and the policy is thereby rendered void.

Another provision of the policy reads as follows:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise; . . ."

We held in *Jump v. North British & Mercantile Ins. Co.*, 44 Wash. 596, 87 Pac. 928, that, under the provision quoted above, a policy of fire insurance is rendered void by an absolute sale of the insured property with a purchase money mortgage back to the insurer to secure part of the price, without notice to the insurer.

There is a dearth of authority on the question whether change of ownership of interest in community property by an award thereof to insured's wife in a divorce decree avoids the policy. In 26 C. J. 238, § 296, it is stated that, while the mere rendition of a judgment against the owner of insured property is not a change of title or interest within the prohibition of a policy like those in the case at bar, a decree of divorce awarding to the wife of the insured the property covered by the insurance policy has been held to violate a condition against change of title or interest by legal process or judgment.

In *Coffin v. Northwestern Mutual Fire Ass'n*, 43 Ida. 1, 249 Pac. 89, 48 A. L. R. 1225, the supreme court of Idaho (a community property state), under a provision that the insurance policy should be void

" ' . . . in case of transfer or termination of any interest of the insured other than by the death of an insured, or any change in the nature of the insurable interest of the insured in the property described herein, either by sale or otherwise,' "

held that the change of ownership of interest in an automobile by award thereof to insured's wife in a divorce decree avoided the policy of insurance on the automobile, which was community property when the policy of insurance was written.

In contending that there is no difference in principle between the rights of members of a partnership in a fire insurance policy on partnership property and the rights of husband and wife in a policy written on the community property in the transfers of such property one to the other, counsel for appellant cite 4 Joyce on Insurance (2d ed.), § 2295, to the effect that a sale between partners is not such a transfer as will avoid the policy under a provision such as is contained in the policies in the case at bar. That very authority, however, in the last sentence of the section cited, states that a voluntary completed dissolution of the partnership and a division of the profits and property would avoid the insurance contract. Section 2295, *supra,* so far as material, reads as follows:

"It is evident from the decisions and opinions above given that the general rule may be deduced, and it is supported by the weight of authority and of reasoning, that a sale between partners is not such a transfer as will avoid the policy; and a question may fairly be raised whether it is within a stipulation against a change of possession . . . So a voluntary completed dissolution of the partnership and a division of the profits and property would avoid the contract."

See, also, 14 R. C. L. 1121; 26 C. J. 130, § 150; and 26 C. J. 237, § 293.

The marital community of appellant and her husband was completely dissolved by the decree of divorce. In that proceeding, their community property was divided. There was no community property after the community was dissolved. All rights and incidents of the existing community relationship ceased the very moment the community was dissolved by divorce.

We find no comfort for the appellant in her theory that the marital community is an entity separate and distinct from the spouses composing it. We repeat, the community died before the property was destroyed by fire. The community died, in fact, at the time the divorce was granted. The dissolution of a partnership, with a division of the property, where one partner transfers his interest to the other partner, effects a forfeiture under a policy of insurance prohibiting change of title. 26 C. J. 237, § 293.

While married to Ben Richardson, the appellant did not own any interest in the insured property as her own separate property. The transfer to her in the divorce proceeding of the insured property was a change of title. She is not in the position of one who is bringing suit on a contract made for her benefit. The fire insurance contracts were made for the benefit of the community. By the divorce, there was a dissolution of the marital community for the benefit of which the contract was made. On the dissolution of that community, there was a division of the property. The community interest of the husband was transferred to the wife. That property then became her separate property.

The dissolution of the marital community and division of the property, under the provision in the policies prohibiting any change of title (other than by the death of the insured) in the subject of the insurance, rendered the policies void the same as in the case

of a completed dissolution of a partnership of two persons with a division of the partnership profits and property between the two.

The judgment is affirmed.

STEINERT, C. J., BEALS, BLAKE, and ROBINSON, JJ., concur.