[No. 26883. Department Two. February 23, 1938.]

ALPHUS BURLESON *et al., Appellants,* v. E. H.
BLANKENSHIP *et al., Respondents.*[1]

*Reuben C. Carlson* and *Robert W. Copeland,* for appellants.

*C. D. Cunningham,* for respondents.

BLAKE, J.—Prior to May 5, 1936, the plaintiffs owned real estate in the town of Morton, in the building upon which they ran a beer tavern. On the date mentioned, they entered into a contract whereby they agreed to sell the business and the real and personal property used in connection therewith to the defendants E. H. Blankenship and G. F. Keith, "a partnership." The consideration for the sale was nine thousand dollars,

[1] Reported in 76 P. (2d) 614.

of which two thousand dollars was paid when the contract was executed. The contract contained the following provision: "This contract cannot be assigned without the written consent of the seller." The contract also contained a clause permitting forfeiture for failure to make payments or to perform any of its other covenants and conditions.

On December 9, 1936, Keith, in consideration of $250, relinquished all claim in "that certain partnership," and delivered to Blankenship a quitclaim deed to the real estate. Blankenship agreed to assume "all obligations now existing or which may come into existence on account of the partnership." No specific reference was made, either in the contract or in the deed, to the contract with plaintiffs.

On December 12, 1936, Blankenship entered into articles of copartnership with one Sethe, in which he assigned to Sethe

". . . one-half of his equity in said business and in the equipment being purchased under said contract [with plaintiffs], together with one-half of all his rights . . . under said conditional sale contract."

In January, 1937, the plaintiffs brought this action to forfeit the contract on the ground that the covenant against assignment had been breached. Subsequently, on February 1, 1937, Blankenship and Sethe dissolved partnership, the latter assigning all his interest to the former. Upon trial of the issue, the court entered a decree dismissing the action, from which plaintiffs appeal.

The appellants contend that they were entitled to a forfeiture under the rule laid down by this court in the following cases: *Behrens v. Cloudy*, 50 Wash. 400, 97 Pac. 450; *Bonds-Foster Lumber Co. v. Northern Pac. R. Co.*, 53 Wash. 302, 101 Pac. 877; *Hunter Tract Imp. Co. v. Stone*, 58 Wash. 661, 109 Pac. 112; *Lockerby*

*v. Amon,* 64 Wash. 24, 116 Pac. 463, Ann. Cas. 1913A, 262, 35 L. R. A. (N. S.) 1064; *Boyd v. Bondy,* 113 Wash. 384, 194 Pac. 393; *Bethel v. Matthews,* 187 Wash. 175, 59 P. (2d) 1125. These cases hold that an assignee of the vendee cannot maintain an action for specific performance or damages against the vendor, when the assignment has been made without the consent of the latter in face of a covenant against assignment. But these cases are not decisive of the question presented here, for two reasons: (1) As stated in *Boyd v. Bondy, supra,* "The question of forfeiture [was] not involved . . . " in any of them—that is, on the ground of breach of the covenant against assignment; and (2) in each, the entire interest of the vendees had been assigned. (The latter statement might be challenged from a reading of the opinion alone in *Bethel v. Matthews, supra.* The statement is justified, however, by the findings of fact made by the trial court.)

In the case at bar, we have a claim of forfeiture against an original vendee, based upon two *partial* assignments. In the first instance, we have only a transfer by one vendee to the other of his interest in the partnership. In the second instance, we have the formation of a new partnership and an assignment by the old partner to the new of a one-half interest in the contract. In determining whether these transactions violate the stipulation against assignment, we must look to the covenant itself, bearing in mind that covenants of such character are to be strictly—even literally—construed. 1 Taylor, Landlord and Tenant (9th ed.), §§ 403, 405; *Burns v. Dufresne,* 67 Wash. 158, 121 Pac. 46; *Willenbrock v. Latulippe,* 125 Wash. 168, 215 Pac. 330.

While the cases just cited relate to covenants in leases against assignment and subletting, the principles laid down are of some assistance in solving the

problem now confronting us. The gist of the holding in *Burns v. Dufresne, supra,* is that a covenant not to assign without the consent of the lessor is not breached by subletting a portion of the premises. *Willenbrock v. Latulippe, supra,* presented a converse situation, and it was held that a covenant against subletting without the consent of the lessor was not breached by an assignment of the entire lease. And Taylor says (§ 405, *supra*):

"But a covenant not to underlet without the consent of the lessor does not apply to a mere change in the business of the lessee's firm, incident to the admission of a new partner or the withdrawal of an old one."

It is a generally accepted rule that a stipulation against assignment in an insurance policy is not violated by the assignment by one partner to another of his interest in the policy, without the insurer's consent. 6 Couch, Cyc. of Insurance Law, 5165, § 1450p. Appellant insists that this rule has been repudiated by this court in the recent case of *Richardson v. Superior Fire Ins. Co.,* 192 Wash. 553, 74 P. (2d) 192. We do not think the case susceptible of such construction. The holding there turned upon a stipulation voiding the policy upon change of ownership of the insured property without the consent of the insurer.

The principle, namely, that a covenant against assignment is not violated by the transfer of one partner's interest to another partner, has been applied to leases by the courts of California. *Randol v. Scott,* 110 Cal. 590, 42 Pac. 976; *Spangler v. Spangler,* 11 Cal. App. 321, 104 Pac. 995. In the latter case, it appears that the lease provided that the lessees should not assign the lease without the written consent of the lessor. One lessee assigned to the other. Denying the lessor's claim of forfeiture, the court said:

"The important question in this case is, Was there a breach of the conditions of the lease, and a conse-

quent forfeiture thereof, by its assignment, without the consent of the lessor, by Annie Leal to the defendant?

"The covenant is that the lessees shall not assign, .and only one of them has done so. It does not provide that neither of the lessees shall assign, nor that one may not assign to the other; and construing this covenant strictly against the lessor, as the law requires us to do, it should be presumed to mean that the lease shall not be assigned by both. As the assignment was by one only of the lessees, there was no breach of the covenant, and therefore there was no forfeiture."

Applying the principle of these cases to the case at bar, we think it clear that the stipulation against assignment without the consent of the vendor must be construed to refer to assignment of the entire interest of the vendees. In neither transaction upon which appellants base their claim of forfeiture was this done. Blankenship has at all times preserved at least a half interest in the contract. During the interval between Keith's withdrawal from, and Sethe's entry into, the partnership, and again subsequent to Sethe's withdrawal, Blankenship, an original vendee, succeeded to all rights under the contract. In view of the terms of the stipulation against assignment, we do not think he can be deprived of those rights by Keith's withdrawal from the partnership, nor the subsequent formation of the partnership with Sethe. If the parties had intended such partial assignments to be the basis of forfeiture, it would have been an easy matter to have so stipulated in the contract.

Appellants contend that the contract is of a personal character. By trial amendment to their complaint, they alleged that they entered into the contract upon the confidence and trust they put in Keith— in his experience and ability in running a beer tavern and restaurant. Clearly, the contract is not inherently of such a personal character as to bring it within the

rule of those cases holding contracts involving personal trust and confidence nonassignable with or without stipulations against assignment.

The court heard evidence on the issue tendered by appellants that they, in fact, entered into the contract on faith and confidence in Keith's ability to run the business. We do not feel it necessary to discuss the admissibility of the evidence on this issue. The court, in discussing the question, said:

"Without deciding that the admission of such testimony violates the parol evidence rule, I am satisfied from the testimony that there was no relation of personal confidence and trust between Burleson and Keith. . . . I am quite sure that Burleson did not enter into the contract by reason of any special trust or confidence in Keith."

Conceding the admissibility of the evidence for the purpose of this decision only, we may say that we agree with that conclusion.

Judgment affirmed.

STEINERT, C. J., BEALS, MILLARD, and ROBINSON, JJ., concur.