[No. 180-2.   Division Two.   March 16, 1971.]

TERRENCE E. WRIGHT *et al., Respondents and Cross-appellants,* v. ARTHUR NICOLET *et al., Appellants.*

*Robert I. Deutscher* (of *Betzendorfer & Aubrey*), for appellants.

*Gilbert J. Price, Jr.* (of *Campbell, Manning, Price & Engerson*), for respondents and cross-appellants.

PETRIE, C.J.—Plaintiffs contend that a clause in an agreement they entered into with defendants constituted an

option to purchase realty, and defendants contend that the clause granted plaintiff merely a right of first refusal.

The trial court weighed the evidence as to the parties' intent, examined the document, and found that an option, rather than a right of first refusal was intended by the parties. Defendants have appealed, assigning error to the court's finding.

The questioned clause recited

the second parties [defendants] do give and grant to the first parties [plaintiffs] the *first exclusive right and option to purchase* the above described premises, after the erection of the said five unit apartment building . . .

(Italics ours.)

■■ Whatever ambiguity, if any, on the face of the agreement has been resolved by the trial court's finding as to the true intention of the parties. There being substantial evidence to support the finding, it will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959). Further, the option was conditioned only upon the erection of the building (which is conceded). *See Willenbrock v. Latulippe,* 125 Wash. 168, 215 P. 330 (1923). Upon the fulfillment of the condition—the completion of the building—the option became absolute and exercisable at plaintiffs' discretion. *Superior Portland Cement, Inc. v. Pacific Coast Cement Co.,* 33 Wn.2d 169, 205 P.2d 597 (1949). Plaintiffs did exercise their option and the trial court decreed specific performance thereof. On defendant's appeal, we cannot order otherwise.

By way of cross-appeal, however, plaintiffs have assigned error to the court's refusal to allow a 7 per cent discount in the agreed price of the property. The agreement provides, in part:

The gross price shall be the sum of Fifty-Two Thousand Dollars ($52,000) less seven per cent (7%) . . .

■ Plaintiff, Robert F. Wright, is a real estate broker who, with an associate broker, acquired the property in 1966. Subsequently, title to the property was turned over

to Robert's son, plaintiff Terrence Wright. By the basic agreement herein, the property was sold to defendants. The exercise of plaintiff's option constituted a resale to plaintiffs. It is apparent from the agreement and the record that Robert Wright has been the primary party in interest, acting on his son's behalf as well as his own. Under these circumstances, the trial court described the 7 per cent discount (in reality a commission for the second or resale to plaintiffs) as "inequitable and unfair and I will not allow it." Such refusal was well within the discretionary authority of the court in granting specific performance of the option agreement. Equity jurisdiction having attached, it extends to the whole controversy, and whatever relief the facts warrant will be granted. *Hubbell v. Ward,* 40 Wn.2d 779, 246 P.2d 468 (1952).

Judgment affirmed.

PEARSON and ARMSTRONG, JJ., concur.